## Schad et al. v. Carr & Schad, Inc.

*George Eves*, for petitioner; *J. Wilmer Fisher*, for plaintiffs.
*George B. Balmer*, for conservator of Reading National Bank.

MAYS, J., November 25, 1933.—On November 9, 1933, on petition of the defendant, Carr & Schad, Inc., a rule was granted to show cause why the execution should not be stayed and a sequestrator appointed, returnable November 10, 1933, at 9 a. m. After hearing all the parties in interest, the court, on November 10, 1933, ordered and directed that the execution be stayed until November 25, 1933, that further hearing be had in the matter on November 17, 1933, at 10 a. m., and that Harry J. Schad be appointed sequestrator of the properties in question and the income and profits therefrom until further order of the court. Testimony was taken on November 17, 1933, and the matter set down for hearing on November 24, 1933. The notes of testimony have not been transcribed, nor have any briefs been submitted, but oral argument was had. The petitioner, defendant in the execution, urged a further stay. Both the execution plaintiffs and Wellington M. Bertolet, conservator of Reading National Bank, asked that a further stay be denied and the rule discharged.

The testimony discloses, amongst other things, that the outstanding shares of stock of Carr & Schad, Inc., have been pledged by the holders thereof to Reading National Bank and Reading Trust Company as collateral security for the payment of an indebtedness of $40,000 owing to Reading National Bank and $4,000 owing to Reading Trust Company.

Unquestionably it is within the powers of the court to stay an execution in the interests of justice. However, the court, in exercising such power, even to the extent of giving temporary relief, will not do so unless the applicant shows facts to warrant the exercise of judicial discretion. If the case is a doubtful one, the court will refuse the stay.

Unfortunately for the petitioner, the facts brought to our knowledge do not furnish a just ground for interposition, and therefore we will not now further

interfere with the regular course of these proceedings. There are some facts that would ordinarily lead to the conclusion that a sale of the properties in question at this time, in the light of what is their fair rental value, would work an injustice to the defendant corporation, and we would be inclined to give temporary relief but for the fact that said corporation, because of the pledging of the outstanding shares of stock, is in reality within the control of the two banks above mentioned, the one urging that if the stay were extended and a sale not made it may suffer a loss of $40,000. Surely, in a situation such as this, we should refrain from exercising a discretion that may tend to further weaken a quasi-public corporation. It is this more than anything else that constrains us to say that the petitioner's right is a doubtful one.

And now, to wit, November 25, 1933, further stay is refused, and the appointment of Harry J. Schad as sequestrator is vacated; the execution to be proceeded with in its regular course, and notice to be given to all lien creditors.

From Charles K. Derr, Reading, Pa.